UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SALLY NICOLE SMITH, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of the Social Security ) <br> Administration, ) <br> ) <br> Defendant. | Civil Action Number <br> 5:16-cv-2083-AKK |

## MEMORANDUM OPINION

Sally Nicole Smith brings this action pursuant to Section 405(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). The court finds that the Administrative Law Judge's ("ALJ") and the Appeals Council's decisions—which have become the decision of the Commissioner—are supported by substantial evidence. Therefore, the court affirms the decision denying benefits.

### I. PROCEDURAL HISTORY

Smith filed an application for a period of disability and supplemental security income. R. 28. After the SSA denied her application, Smith requested a hearing before an ALJ, who subsequently denied Smith's claim. R. 25-44. This became the final decision of the Commissioner when the Appeals Council refused

1

to grant review. R. 1-4. Smith was 17 years old on the date of her application and 18 years old on the date of the Commissioner's final decision. R. 32, 42, 44, 180. Smith filed this action pursuant to § 405(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

**II. STANDARD OF REVIEW**

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by

substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

For applicants who have attained age 18, determination of disability under the Act requires a five step analysis. *See* 20 C.F.R. § 404.1520(a)-(f); 20 C.F.R. § 416.920. Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

For applicants under age 18, determination of disability under the Act requires a three step analysis. 20 C.F.R. § 416.924(a). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is working;

(2) whether the claimant has a severe impairment; and

(3) whether the impairment meets or equals one listed by the Secretary.

*Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). In determining whether an impairment equals a severe impairment, the ALJ must assess the claimant on six domains:

(1) acquiring and using information;

(2) attending and completing tasks;

(3) interacting and relating with others;

(4) moving about and manipulating objects;

(5) caring for himself; and

(6) health and physical well-being

*Id.* at 851 (citing 20 C.F.R. §§ 416.926a(a), (b)(1), (d)). The claimant must establish that she suffers from an "extreme" limitation in one of the domains, or a "marked" limitation in two of the domains. *Id.* (citing 20 C.F.R. § 416.926a(a)).

In cases where an individual attains age 18 after filing a disability application but before the Commissioner has made a determination or decision on whether the individual is disabled, the Commissioner uses the three step analysis of 20 C.F.R. § 416.924 for the period during which the individual was under age 18, and the five step analysis of 20 C.F.R. § 416.920 for the period starting with the day the individual attains age 18. 20 C.F.R. § 416.924(f).

**IV. THE COMMISSIONER'S DECISION**

In performing the three step analysis for the period before Smith attained age 18, the ALJ found that Smith had not engaged in substantial gainful activity since October 29, 2015, and therefore met Step One. R. 33. Next, the ALJ found she satisfied Step Two because she suffered from severe asthma, status post left knee surgery, adjustment disorder with depression and anxiety, and ADHD. R. 33. Finally, the ALJ found that Smith did not have an impairment or combination of

5

impairments that met or medically equaled one of the impairments listed in the regulations for presumptive disability, or that functionally equaled the listings. R. 33-40. Therefore, the ALJ found that Smith was not disabled under the Act prior to attaining age 18. R. 40.

With respect to the period beginning when Smith attained age 18, Smith again satisfied Step One as she had not engaged in substantial gainful activity since October 29, 2015. R. 33. Next, the ALJ found that Smith continued to have a severe impairment or combination of impairments, and had not developed any new impairments since attaining age 18. R. 40. The ALJ then proceeded to the next step and found that Smith did not satisfy Step Three because she did not have an impairment or combination of impairments listed in the regulations for presumptive disability. R. 40-41. Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, he proceeded to Step Four, where he determined that Smith has the residual functional capacity ("RFC") to perform light work, except that she must avoid all exposure to pulmonary irritants; is limited to simple, routine tasks; and is limited to occasional interpersonal contact with coworkers, the public, and supervisors. R. 41-42. The ALJ found that Smith had no past relevant work. R. 42. Lastly, in Step 5, the ALJ considered Smith's age, education, work experience, and RFC, and determined that Smith could perform work that exists in significant numbers in the national

economy. R. 42-43. Therefore, the ALJ found that Smith was not disabled under the Act subsequent to attaining age 18. R. 42-43.

## V. ANALYSIS

Smith contends that the ALJ erred in the three step analysis of 20 C.F.R. § 416.924 by improperly evaluating the effects of her limitations on three of the six domains specified in 20 C.F.R. § 416.924a(b)(1). Doc. 11 at 4. Smith also contends that the ALJ erred in the five step analysis of 20 C.F.R. § 416.920 by improperly evaluating her RFC. Doc. 11 at 8. The court addresses these issues in turn.

### A. Childhood Standard of Disability

For a claimant's impairment to functionally equal the listings, her impairment must result in "marked" limitation in two of the domains set out by 20 C.F.R. § 416.924a(b)(1). A "marked" limitation exists in a domain when the claimant's "impairment(s) interferes seriously with [her] ability to independently initiate, sustain, or complete activities." *Parks*, 783 F.3d at 851 (citing 20 C.F.R. § 416.924a(e)(2)(i)).

Here, Smith contends that her impairments result in a "marked" limitation in the domains of (1) moving about and manipulating objects, (2) interacting and relating with others, and (3) health and physical well-being.

### 1. Moving About and Manipulating Objects

Smith contends that she suffers a marked limitation in this domain as a result of knee pain and deterioration following surgery. Doc. 11 at 4. Smith testified that she can walk for only thirty minutes and stand for only ten to fifteen minutes before her knee begins to give out, and that she falls almost daily. R. 58-59; *see also* doc. 11 at 4 (stating that "[s]he cannot reliably balance and walk around her own home without falling and potentially injuring herself," and that her knee pain limits her ability to kneel, crawl, or run). To support this contention, Smith notes that she was prescribed a knee brace, and uses a cane to move around the house. R. 58-59.

In determining that Smith did not face a marked impairment in this domain, the ALJ relied on medical records showing that Smith had normal gait and station and could run, dance, swim, ride a bike, throw a ball, and work videogame controls. R. 38 (citing R. 197). To the extent that these records contradict Smith's testimony as to the intensity, persistence, and limiting effects of her symptoms, the ALJ did not credit Smith's testimony because it was "not entirely consistent with the medical evidence and other evidence in the record[.]" R. 33-34. An ALJ does not err by discrediting a claimant's subjective testimony when clinical findings do not support this testimony. *See May v. Comm'r of Soc. Sec. Admin.*, 226 F. App'x 955, 958 (11th Cir. 2007); *Reeves v. Astrue*, 238 F. App'x 507, 514 (11th Cir.

2007). Accordingly, the ALJ's determination that Smith did not suffer a marked limitation in moving about and manipulating objects is supported by substantial evidence.

**2. Interacting and Relating with Others**

Smith contends that both her physical and mental impairments result in marked limitations in this domain. Doc. 11 at 5. First, Smith suffers asthma attacks that close proximity with a person who has previously been in contact with any of numerous common substances, such as perfume or cologne, can trigger, which has caused her to lose friends. R. 56, 61, 504-05. Second, Smith suffers from depression and anxiety attacks related to interpersonal contact. R. 56, 59-61. As a result, Smith has only one friend she sees in person, with the remainder of her peer contact occurring through social media. R. 54-55.

In determining that Smith did not face a marked impairment in this domain, the ALJ relied on records showing that Smith "generally gets along with her mother and school teacher" and attends church. R. 37 (citing R. 198, 581-83). The ALJ gave "great weight" to the assessment of state agency consults Dr. Robert Heilpern and Robert Estock that Smith has a less than marked limitation in this domain "because it is consistent with the record as a whole." R. 34-35 (citing R. 79-88). Dr. Heilpern and Dr. Estock considered Smith's asthma, but noted that the medical records state that Smith's asthma had improved and she had not suffered

asthma flare ups, and ultimately determined Smith faced a less than marked restriction in interacting and relating with others. R. 82-84. As discussed *supra* at V.A.1., the ALJ's decision not to credit Smith's testimony due to its inconsistency with the record was proper, and, as such, the determination that Smith did not suffer a marked limitation in interacting and relating with others is supported by substantial evidence.

### 3. Health and Physical Well-Being

Smith also contends that her physical and mental impairments have a marked impact in this domain. Doc. 11 at 6. She asserts that she requires almost daily treatment with a nebulizer, which disrupts her normal day as well as her sleep schedule, as she must spend approximately half an hour immobile to receive treatment, and that her asthma limits her ability to sleep, resulting in pervasive fatigue. R. 62, 560-578. Finally, Smith contends the ALJ did not consider her diagnosis of hypersomnia. Doc. 11 at 8. None of these contentions are availing.

First, contrary to Smith's contention that the ALJ failed to consider her hypersomnia, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in determining that they did not amount to a listed impairment, and discussed the cumulative impact of Smith's impairments throughout his decision. R. 33-42. This statement beliefs Smith's contention, and

establishes that the ALJ considered all of Smith's impairments and the combined effects of her impairments in reaching his decision. *See Scott v. Colvin*, 652 F. App'x 778, 781 (11th Cir. 2016).

Second, in determining that Smith did not face a marked impairment in this domain, the ALJ relied on medical records showing that Smith's "lungs were clear to auscultation and percussion despite not using her controller inhaler at all," that her spirometry was normal, and that, following surgery, she was "doing excellent with no complaints," her "left knee had a full range of motion with no tenderness," and she was "ambulating without difficulty." R. 39-40 (citing R. 270, 273, 275, 410, 543). The ALJ also gave great weight to the opinions of Dr. Heilpern and Dr. Estock that Smith's limitation in this domain was less than marked because of their consistency with the overall record. R. 35 (citing R. 79-88).

Ultimately, the ALJ's determination that Smith did not suffer a marked limitation in health and well-being is supported by substantial evidence. Thus, because Smith is not able to show she suffers a marked limitation in at least two of the six domains specified by 20 C.F.R. § 416.924a(b)(1), the ALJ correctly determined that she was not disabled under the Act prior to attaining age 18.

**B. Adult Standard of Disability**

Smith contends also that the ALJ erred in evaluating her RFC. First, she contends that the ALJ's determination that she could do light work, including

11

standing or walking, is contradicted by her testimony as to her impaired mobility. Doc. 11 at 8-9. Second, she contends that, even with a restriction to work with only occasional interpersonal contact and without pulmonary irritants, she is at risk of an asthma attack due to proximity with others who have had contact with irritants, potentially necessitating unscheduled breaks to undergo the necessary treatment. *Id.* at 9. Finally, she contends that the ALJ failed to consider the combined effects of her impairments and chronic fatigue from loss of sleep. Doc. 9-10.

However, as discussed *supra* at V.A.1, the ALJ relied on substantial evidence in determining that Smith's testimony as to the restrictions her impairments imposed on her mobility was not consistent with the record. Thus, his decision to credit the medical record over her subjective testimony in formulating her RFC was supported by substantial evidence.

Moreover, Smith's argument that the restrictions on exposure to pulmonary irritants and interpersonal contact are insufficient to address her condition is purely speculative, unsupported by any medical testimony or records. The ALJ considered Smith's asthma, depression, and anxiety in evaluating her RFC, and imposed the restrictions on exposure to pulmonary irritants and interpersonal contact based on her conditions and the medical evidence showing that her conditions have improved. R. 41. In contrast to the ALJ, who relied on the medical evidence, Smith does not cite any medical records in support of this contention, and only relies on

her own subjective testimony. Doc. 11 at 9 (citing R. 55-56, 62). The ALJ's decision to credit the objective medical testimony over Smith's subjective testimony was proper, as discussed *supra* at V.A.1., because it is supported by substantial evidence.

Finally, despite Smith's contention that the ALJ failed to consider her hypersomnia, the ALJ stated that he considered "the entire record" and Smith's impairment "singly and in combination," as discussed *supra* at V.A.3. Accordingly, the ALJ's evaluation of Smith's RFC, and subsequent determination that she was not disabled under the Act since attaining age 18, is supported by substantial evidence.

## VI. CONCLUSION

Based on the foregoing, the court concludes that the ALJ's and Appeals Council's determination that Smith is not disabled is supported by substantial evidence, and that the ALJ and Appeals Council applied proper legal standings in reaching their determinations. The Commissioner's final decision is **AFFIRMED**. A separate order in accordance with this memorandum of decision will be entered.

**DONE** the 13th day of December, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE